THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY & OVERSIGHT,

Plaintiff,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*

Defendant.

Civil Action No. 25-3017 (CJN)

**JOINT STATUS REPORT**

Pursuant to the Court's August 7, 2026, Minute Order, the parties, by and through undersigned counsel, submit this Joint Status Report in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Defendant's position.** Defendant previously reported that the Centers for Medicare & Medicaid Services ("CMS") continues to identify 122,793 pages of potentially responsive records. Defendant has yet to produce any records to date. Defendant stands by the 122,793-page estimate. Defendant considers Plaintiff's request overbroad and believes Plaintiff should narrow it before CMS begins a rolling production. Defendant is currently looking into whether it can provide hit counts to Plaintiff, but Defendant notes that this request was not submitted to Defendant until August 28, 2026. Defendant never said "no promises" can be given as to whether hit counts can be provided. Defendant merely said that "no promises" can be given that the hit counts will be provided before the instant Joint Status Report is filed.

Finally, despite Plaintiff's claim to have "acted diligently here," Defendant generally notes that the parties have missed at least two Joint Status Report deadlines in this case, for which Defendant's counsel apologizes to the Court.

**Plaintiff's position.** CMS's estimate is likely the result of systematic failures to conduct accurate records searches, as illustrated in this and many other cases with which undersigned counsel is familiar. Plaintiff challenges the objective accuracy of CMS's search process and resulting page estimate. Plaintiff makes no allegation about motive. The government's suggestion in correspondence that Plaintiff accused CMS of "purposely" inflating page counts misstates Plaintiff's position.

Plaintiff raised this concern in this case more than two months ago. The June 23 Joint Status Report documented Plaintiff's experience with CMS estimates that exceeded accurate page counts by orders of magnitude. It also identified another CMS case in which a rerun reduced the estimate by approximately 90%. Plaintiff asked the parties to confer about the search process and exclude nonresponsive records from the count. ECF No. 7 at 2. Despite Plaintiff's follow up and the passage of over 60 days, CMS did not convey its position in this case until the day this status report was due. Nor did CMS provide hit counts or offer any suggestions as to the nature of the "narrowing" it purportedly requests.

CMS's own status reports confirm a recurring problem in which it identifies vastly more volumes as "potentially responsive" than are actually responsive, leading to orders of magnitude more records being compiled than will ever be released or reviewed. In *Government Accountability & Oversight v. U.S. Centers for Medicare and Medicaid Services*, No. 1:23-cv-01712-JMC, CMS reported 10,325 potentially responsive pages. After reviewing 505 pages, CMS released 41 pages in full and 61 in part. The filed JSR recorded that more than 400 pages, or more than 80%, were nonresponsive. ECF No. 9

at 1–2 (D.D.C. Oct. 25, 2023). CMS later acknowledged that its FOIA office had inadvertently left expressly excluded attachments in its review batches. CMS stated that this error accounted for the high nonresponsive rate. It changed its review process and agreed to provide a revised page count. ECF No. 11 at 2 (D.D.C. Dec. 8, 2023).

The same pattern has appeared in two other recent CMS cases. In *Government Accountability & Oversight v. Centers for Medicare & Medicaid Services*, No. 1:25-cv-03199-RCL, CMS first reported 31,373 pages. ECF No. 10 at 1–2 (D.D.C. Mar. 20, 2026). A rerun of the search reduced that universe to 1,710 pages, a 94.55% reduction. *Government Accountability and Oversight v. Centers for Medicare and Medicaid Services*, No. 1:25-cv-03801-CRC, ECF No. 7 at 2 (D.D.C. May 29, 2026). In the latter case, CMS reported 7,942 pages, later reduced to 5,628 after deduplication. Of the first 455 pages reviewed, CMS deemed 454 nonresponsive and partially released *only one page*. *Id.* at 1–2. That first tranche produced one responsive page for every 455 pages counted as potentially responsive, a disparity indicating that CMS's initial estimate was reduced by over 99% after a better search was taken.

Plaintiff acted diligently here. On August 24, Plaintiff asked Defendant for an update on the volume of responsive records and for a draft JSR. On 11:16 a.m. on August 28, the day this JSR was due, Defendant first conveyed that CMS stood by the 122,793-page estimate. Plaintiff then twice requested hit counts by custodian and search term. Plaintiff also asked CMS to begin a rolling production if it would not supply those counts. Defendant responded that CMS might decline to begin production because it considers the request overbroad. At 12:21 p.m., Defendant stated: "No promises on any hit counts."

CMS asks Plaintiff to narrow the request while withholding the information needed for a targeted narrowing. Another 60 days with no hit counts and no production will leave the case in the same posture.

Plaintiff respectfully requests that the Court direct CMS, within 14 days, to provide:

(1) hit counts for each custodian and each search term, before and after deduplication;

(2) whether those counts include attachments or categories that the request expressly excludes; and

(3) the method used to deduplicate records across custodians. Plaintiff also requests that CMS begin processing at least 400 pages per month while the parties confer and that the parties file another Joint Status Report on September 28, 2026.

Dated: August 28, 2026

JEANINE FERRIS PIRRO
United States Attorney

By: *<u>/s/ Fithawi Berhane</u>*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW, Washington, DC 20530
(202) 252-6653 | Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

*<u>/s/ Matthew D. Hardin</u>*
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506, Livingston, TX 77399
*Attorney for Plaintiff*